# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SHANNON FLESHMAN, | 2:12-cv-00088-GMN -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

Before the court is plaintiff Shannon Fleshman's *Emergency* Motion to Extend Discovery Deadlines. (#11). Defendant Wal-Mart Stores, Inc, (hereinafter "Wal-Mart") filed an Opposition on May 25, 2012. (#14). On June 13, 2012, the court entered a minute order stating that, on or before June 22, 2012, at 4:00 p.m., plaintiff Fleshman shall disclose her expert and file a reply in support of her motion, attaching documentation evidencing a surgical recommendation. (#15). On June 22, 2012, plaintiff Fleshman filed a Reply in support of her motion, and attached a letter (#16 Exhibit 1) from orthopedic surgeon, Dr. Jaswinder Grover, M.D. (#16). On Jun 29, 2012, the court entered a minute order scheduling a hearing for July 19, 2012. (#17). The court held a hearing on July 19, 2012, at 10:00 a.m. (#18).

**Background**

On November 28, 2011, plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, asserting a claim of negligence relating to a slip and fall that allegedly occurred while plaintiff was shopping at Wal-Mart. (#1-2). Defendant Wal-Mart removed the action to this court on January 18, 2012, based on Diversity Jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (#1).

The court signed the parties' discovery plan and scheduling order on March 23, 2012. (#9). On April 26, 2012, the parties filed a stipulation and order for a one-month extension of the discovery deadlines (#10), which the court granted on May 17, 2012 (#12). On May 11, 2012, before the court signed the stipulation, plaintiff filed the instant *emergency* motion to extend discovery deadlines. (#11).

**Motion to Extend Discovery Deadlines**

    A.    **Plaintiff's Arguments**

Plaintiff asserts that the parties agreed to a one month extension, but that defendant would not agree to an additional six-month extension so that plaintiff could "obtain the necessary treatment she needs and to allow her experts to obtain the medical records . . . without having to do multiple costly supplements." *Id.* This is plaintiff's first request for an extension of discovery deadlines, and plaintiff alleges that, until now, the parties have been able to resolve any dispute without the court's intervention. *Id*. Plaintiff asserts that "[a]s a result of the subject incident, plaintiff was diagnosed with disc protrusions at C3-C4, C5-C6 and C6-C7 which have continued to cause her pain and physical problems for which she continues to treat," and that "[p]laintiff's medical expenses are in excess of $70,000 and a future cervical procedure will escalate her medical expenses." *Id.*

Plaintiff further asserts that she "has been advised that she will require additional injections and that she will likely require a cervical fusion," but that "her doctors are requesting additional studies be conducted prior to scheduling a cervical fusion." *Id.* Plaintiff states that a six-month extension of discovery will "allow sufficient time for plaintiff to undergo the additional studies as well as schedule and potentially undergo any surgical procedures recommended by her treating providers." *Id.* Plaintiff provides the court with a proposed discovery plan. *Id.*

    B.    **Defendant's Argument**

Defendant asserts that despite the fact that plaintiff's sole reasoning for the extension is the possible need for surgery, plaintiff failed to provide any documentation of a surgical recommendation.

(#14). Defendant argues that regardless of plaintiff's need for surgery, plaintiff should be able to identify her medical expert. *Id.* Defendant also asserts that it requested any evidence or documentation of recommendations for future surgery in its interrogatories and requests for production of documents (#14-3 Exhibit B), but that plaintiff has never disclosed or produced any such evidence. *Id.* Defendant states that plaintiff has not been diligent during discovery, and has only caused delays.[1] *Id.*

Defendant argues that the extension is not necessary even if the plaintiff requires surgery, as "allegations of future surgery and continuing treatment are ubiquitous in personal injury cases." *Id.* Defendant also argues that "[p]laintiff's counsel is no stranger to such personal injury cases," as "defense counsel has litigated cases against Plaintiff's counsel's firm wherein the plaintiff has disclosed experts' opinions regarding future treatment which had not yet been recommended." *Id.* Defendant also argues that since plaintiff's motion was not filed 21 days prior to the expert disclosure deadline, she must demonstrate "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 6-1. Defendant asserts that no such "excusable neglect" has been shown. (#14). The defendant states that "if this [c]ourt grants a discovery extension, said discovery should be limited to damages and should not include liability." *Id.*

  C.  **Plaintiff's Reply/Dr. Grover's Letter**

Plaintiff filed her reply (#16) on June 22, 2012, and attached a letter from her orthopedic surgeon, Dr. Grover (#16 Exhibit 1). Plaintiff asserts that based on Dr. Grover's letter, good cause exists under LR 26-4 to extend the discovery deadlines. (#16). Plaintiff states that she has been diligent during discovery[2], and explains that Dr. Grover could not make his surgical recommendation until after

---

[1] Examples of such delays include: (1) she did not serve her initial disclosures by the requisite deadline and defendant was forced to meet and confer on this issue in order to receive the same, (2) she failed to execute defendant's requested authorizations by the deadline stipulated by the parties, and defendant again had to meet and confer on this issue, (3) she failed to provide possible dates for her deposition and her availability for an IME until defendant met and conferred over her failure to do so, and (4) she failed to appear at defendant's noticed IME. (#14).

[2] Plaintiff also explains that she did not attend the IME because of a sick child and ailing father, and that she left a message with the doctor's office stating so, and that she was deposed on June 1, 2012. (#16).

he met with the plaintiff on June 14, 2012, and that this is the reason that the recommendation was not disclosed to defendant earlier. *Id.*

In Dr. Grover's letter, he outlines the history of procedures plaintiff has undergone, and states that in his assessment of plaintiff, he believes plaintiff is suffering from ongoing mechanical and radicular symptoms, and that she "is a reasonable and appropriate candidate for surgical treatment in the form of an anterior cervical decompression reconstruction and fusion C5-6, C6-7. (#16 Exhibit 1). Dr. Grover estimates that the surgical treatment would cost $122,500.00.

D.     **Relevant Law/Discussion**

Local Rule 26-4 provides that a motion to extend any dates in the discovery plan must be supported by a showing of good cause for the extension.  A motion to extend the deadlines must include: (a) a statement of the discovery that has been completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing the remaining discovery. LR 26-4.  LR 26-4 also requires that the motion to extend discovery deadlines must comply with LR 6-1, which provides that a request to extend time "shall inform the court of any previous extensions granted and state the reasons for the extension requested." LR 6-1.  Additionally, the motion must indicate whether it is the first, second, third, etc. request for an extension. *Id.*

This action was removed to this court in January of 2012 (#1), and besides the stipulation for a one-month extension (#10), this is the first request to extend discovery.  (#11).  Plaintiff complied with the requirements of LR 26-4, and provided the court with documentation supporting her assertion that she may need surgery.  (#11 and #16).  Both parties represent to the court that they desire to conduct additional discovery if the court is inclined to grant the extension. (#18).  During the hearing, plaintiff submitted to the court that four or five 30(b)(6) depositions relating to roof maintenance and the subject incident need to be conducted.  *Id*.  Plaintiff stated that the addresses of several of these individuals,

namely Debbie Porto, Karen Dickson, and Highland Edelman, are unknown. *Id*. Defense counsel represented to the court that she would be able to locate the addresses and provide them to plaintiff. *Id*. Defense counsel also stated during the hearing that she would like to conduct follow-up discovery on the newly presented evidence of Dr. Grover's opinion that plaintiff may need spinal surgery. *Id*. Extending discovery deadlines in this matter is warranted. *See* LR 26-4.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Shannon Fleshman's *Emergency* Motion to Extend Discovery Deadlines (#11) is GRANTED in part.

IT IS FURTHER ORDERED that the following deadlines shall apply:

| Date | Deadline |
|---|---|
| July 20, 2012 | Defendant shall provide plaintiff with all authorization forms that require her signature. |
| July 26, 2012 | Defendant shall provide plaintiff with the last known addresses for 30(b)(6) witnesses Porto, Dickson, and Edelman. |
| July 27, 2012 | Plaintiff shall return all signed authorization forms to defense counsel. |
| August 27, 2012 | Defendant shall provide plaintiff with its expert report relating to plaintiff's need for surgery. |
| October 26, 2012 | Close of Discovery. |
| December 3, 2012 | Dispositive Motions Deadline. |

. . .

. . .

. . .

. . .

1
2
3  January 4, 2013                    Joint Pretrial Order Due.  If dispositive motions are filed,
4                                     the joint pretrial order is due thirty days from the entry of
5                                     the court's rulings on the motions.
6  DATED this 19th day of July, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE